IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 02-2303 |
| | ) | |
| MANUEL R. LAGMAY, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

**I. SUMMARY**

The United States seeks judgment against defendant Manuel Lagmay for his

unpaid 1988 Federal income tax liabilities and for the trust fund portions of unpaid

employment tax liabilities that were required to be withheld from the wages of employees

of National Healthcare Services during the taxable period ending June 30, 1991, and were

not paid over to the United States when due.  Because there are no genuine issues of

material fact, the United States is entitled to judgment in its favor.

**II.  JURISDICTION**

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C.

§7402(a).

2109435.1

### III.  STATEMENT OF UNDISPUTED FACTS

The following facts are alleged in the complaint, and are supported by the attached documents and declaration of Michael Hartz.

A.  Income Tax Liabilities of Manual Lagmay.

As shown on Exhibit A and the declaration of Michael Hartz, pursuant to 26 U.S.C. § 6201, a delegate of the Secretary of the Treasury made various assessments against defendant for income tax, penalties, and interest, relating to the year 1988.  The dates of the assessments and amounts due are set forth below:

| Tax Year | Assessment Date | Amount due as of 12/1/06 |
|----------|-----------------|--------------------------|
| 1988 | 7/13/1992 | $271,405 |

Defendant Manuel Lagmay has failed to pay the amounts due and there remains $271,405 due as of December 1, 2006, plus penalties, interest, and statutory additions that will accrue from that date according to law.  (Hartz Decl. ¶ 3.)

B.  Employment Tax Liabilities of Manuel Lagmay.

As shown on Exhibit B and the declaration of Michael Hartz, pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury made assessments against defendant for unpaid employment taxes that were required to be withheld from the wages of employees of National Healthcare Services during the taxable period ending June 30, 1991, and were not collected, accounted for, and paid over to the United States when due. The date of the assessment, and amounts due are set forth below:

2

2109435.1

| Tax Period | Assessment Date | Amount due as of 12/1/06 |
|---|---|---|
| June 1991 | 3/21/1994 | $153,320 |

Defendant has failed to pay the amounts due, and there remains $153,320 due as of December 1, 2006, plus penalties, interest, and statutory additions that will accrue from that date according to law.  (Hartz Decl. ¶ 4.)

## IV.  ARGUMENT

### THE UNITED STATES IS ENTITLED TO JUDGMENT ON ITS TAX ASSESSMENTS

There is no material dispute that defendant in indebted to the United States for the amounts alleged.  Accordingly, judgment should be entered in favor of the United States.

In a suit to reduce tax assessments to judgment, the United States establishes a prima facie case when it shows a timely assessment was made against the taxpayer. United States v. Pomponio, 635 F. 2d 293, 296 (4th Cir. 1980); Higginbotham v. United States, 556 F. 2d 1173, 1175 (4th Cir. 1977); Compton v. United States, 334 F. 2d 212, 216 (4th Cir. 1964).  Attached as Exhibits A and B are Forms 4340, Certificates of Assessments and Payments for the periods at issue establishing that the United States has made valid assessments and that Manuel Lagmay has failed to fully pay these amounts. The declaration of Michael Hartz shows the current amounts due on these liabilities.

A Certificate of Assessments and Payments is proof that tax assessments were actually made and establishes the government's prima facie case as to the taxpayer's liability.  Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992); Rocovich v. United

2109435.1

States, 933 F.2d 991, 994 (Fed. Cir. 1991).  The Forms 4340 are under seal and are thus self-authenticating under Fed. R. Evid. 902(1).  A presumption of correctness attaches to the assessments.  Welch v. Helvering, 290 U.S. 111 (1933); Higginbotham v. United States, 556 F. 2d at 1175-76; United States v. Strebler, 313 F. 2d 402 (8th Cir. 1963); Beeker v. United States, 21 F. 2d 1003 (5th Cir. 1927).  Thus, having established a prima facie case, the burden of proving the assessments to be erroneous falls upon the defendant.  Higginbotham v. United States, supra at 1175; Sinder v. United States, 655 F. 2d 729, 731 (6th Cir. 1981) (and cases cited therein); DeLorenzo v. United States, 555 F. 2d 27 (2d Cir. 1977); Fitzgerald v. United States, 407 F. Supp. 1132, 1136 (E.D. Ky. 1976).  This burden is not merely one of producing evidence; it is the burden of persuasion by a preponderance of the evidence that the assessment is wrong.  E.g., Compton v. United States, 334 F. 2d at 216; Sinder v. United States, 655 F. 2d at 731.  If the defendant can not produce evidence that the assessments are erroneous, the United States is entitled to judgment in its favor.

The United States is entitled to entry of judgment in its favor.

2109435.1

## V. CONCLUSION

Wherefore, judgment should be entered in favor of the United States. A proposed order is attached.

Date: January 17, 2006.

Respectfully submitted,

/s/ Jonathan D. Carroll
JONATHAN D. CARROLL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone: (202) 307-6669

OF COUNSEL:

ROD J. ROSENSTEIN
United States Attorney
District of Maryland
36 South Charles Street
Baltimore, Maryland 21201-2692
 (410) 209-4800

2109435.1