IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 02-2303 |
| v. ) | |
| ) | |
| MANUEL R. LAGMAY ) | |
| ) | |
| Defendant. ) | |

## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, Manuel R. Lagmay, by the undersigned counsel, hereby opposes the government's Motion for Summary Judgment in support of which he states:

1. COUNT 1 – 1988 INCOME TAXES

The Plaintiff's motion for summary judgment ought to be denied as to Count 1, the 1988 income tax assessment for the reasons set forth below.

    A.    Defendant and his former wife Lisa Lagmay paid the taxes they reported on their 1988 income tax return. The additional assessment was based on income that was already listed as gross receipts of L & S International Placement Services, ("L & S") a California corporation they owned and operated. See Exhibit 1, Defendant's Answers to Plaintiff's Interrogatories, Answer 12. All of L & S's net income after business deductions was passed through to Defendant and L. Lagmay on Schedule K-1's and reported on Defendant and L. Lagmay's joint 1988 income tax return. See Exhibit 1 and Exhibit 2, copy of L & S 1988 Form 1120 and Exhibit 3, Defendant and L. Lagmay's 1988 Form 1040. Defendant identified these exhibits in the course of his deposition on April 24, 2003. See Exhibit 4, transcript of deposition of Manuel R. Lagmay, pages 32 and 34. There is a genuine issue of material fact as to the proper amount of L & S business deductions and consequently the amount of net income to be passed through to the Defendant and L. Lagmay.

B.  The assessment was made in violation of the restriction on assessment of 26 U.S.C Section 6213(a) because it was made prior to the expiration of the ninety day period after the mailing of the notice of deficiency. The notice of deficiency was mailed on April 14, 1992 and the assessment was made July 13, 1992, exactly ninety days thereafter. <u>See Exhibit A to Plaintiff's Motion for Summary Judgment, Certificate of Official Record, of 1988 income tax account of Defendant and Liza Lagmay.</u> 26 USC Section 6213(a) provides in part: Within 90 days … after the notice of deficiency authorized in Section 6212(a) is mailed … the Taxpayer may file a petition with the Tax Court for a redetermination of the deficiency…No assessment of any tax … shall be made … until such notice has been mailed to the taxpayer, nor until <u>the expiration</u> of such 90-day, or 150-day period as the case may be... (emphasis added).

2.  COUNT 2 – TRUST FUND RECOVERY PENALTY FOR 1991 EMPLOYEMENT TAXES

The Plaintiff's Motion for Summary Judgment ought to be denied as to Count 2 because there is a genuine issue of material fact as to whether the amount of the assessment is correct and whether the amount of the current balance is correct.

A.  The assessment is not correct because the amount does not reflect credit for certain of the corporation's payments that were or should have been received. Count 2 concerns an assessment of a trust fund recovery penalty for the unpaid employment taxes of Nationwide Healthcare Services. The assessment should equal the amount of unpaid trust fund taxes that the corporation owes. 26 USC Section 6672(a). The amount of the assessment is overstated because it does not include credit for approximately $40,000 the IRS received or should have received on account of levies against amounts due Nationwide Healthcare Services from its customers Summit Hospital and Provident Hospital. <u>See Exhibit 5, Defendant's Answers to United States' Second Set of Interrogatories, Answer 16.</u>

B.  The balance for which the Government seeks judgment is overstated because it does not reflect credit payment for payments of a related party. The trust fund recovery penalty

for unpaid employment taxes of Nationwide Healthcare Services was also assessed against Defendant's former wife, Liza Lagmay. By policy, the Internal Revenue Service treats the trust fund recovery penalty as the responsible persons' joint and several liability for the underlying employment taxes. IRS Policy Statement P-5-60. The amount due is collected only once even if multiple trust fund recovery penalties are assessed. Id. The amount sued for and for which judgment is sought does not reflect credit for any payments by Liza Lagmay. See Exhibit B to Plaintiff's Motion for Summary Judgment, Certificate of Official Record, of Civil Penalty, June 1991, account of Defendant. The credits for 2001 and 2002 income tax over payments are the Defendant's and his current wife's. Upon information and belief, Liza Lagmay has made payments against the trust fund recovery penalty assessment which should be deducted from the balance due from the Defendant.

3. CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Plaintiff's motion for summary judgment be denied.

Respectfully submitted,

/s/  Michael F. Callahan
Michael F. Callahan
THYDEN, GROSS & CALLAHAN
Attorney for Defendant
4601 Willard Avenue
Chevy Chase, MD 20815
(301) 907-4580

# CERTIFICATE OF MAILING

I hereby certify that on February 6, 2007, I emailed a copy of the foregoing Opposition and mailed a copy with the Exhibits to Plaintiff's counsel of record as follows:

Jonathan D. Carroll, Esquire
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
email: Jonathan.D.Carroll@usdoj.gov

　　　　　　　　　　　/s/ Michael F. Callahan
　　　　　　　　　　　Michael F. Callahan