IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MANUEL R. LAGMAY, )<br>)<br>    Defendant. ) | Civil No. 02-2303 |

**REPLY TO DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION FOR
SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant responded to the United States' motion for summary judgment contending that there are genuine issues of material fact concerning the proper amount of business deductions that should be allowed to reduce his 1988 income tax liabilities and whether he has been properly credited with payments made towards the liabilities at issue. He also argues that the assessment for the 1988 tax year is invalid (his counsel has since stated that defendant will be withdrawing this allegation.)

**ARGUMENT**

The United States responds to defendant's opposition as follows:

COUNT I.

A. <u>Deductions for Business Activities on Defendant's 1988 Return</u>.

Defendant states that "[t]here is a genuine issue of material fact as to the proper

2298468.1

amount of L & S business deductions and consequently the amount of net income to be passed to the Defendant and L. Lagmay." However, defendant does not identify any of these expenses in detail, explain what they are for, or provide any documentation supporting alleged deductible expenses.

As explained in the United States' motion for summary judgment, the mere allegation that the government's tax assessment is incorrect is not sufficient for defendant to carry his burden of persuasion that the assessment is wrong. The burden of proving the assessments to be erroneous falls upon the defendant. Liddy v. Commissioner, 808 F.2d 312 (4th Cir. 1986)(burden of overcoming presumption of correctness on taxpayer. The Government establishes a prima facie case in support of the tax liability charged in the complaints when it introduces into evidence the certified copies of the certificates of assessment;) United States v. Pomponio, 635 F.2d 293 (4th Cir. 1980)(Government establishes prima facie case where it shows assessments made); Higginbotham v. United States, 556 F. 2d 1173, 1175 (4th Cir. 1977); Sinder v. United States, 655 F. 2d 729, 731 (6th Cir. 1981) (and cases cited therein.) Defendant's mere allegation that there may be expenses that may reduce his 1988 tax liability is not sufficient to meet this burden.

B.  Defendant's Allegation That the 1988 Assessment Is Invalid.

Defendant's counsel has stated that defendant is withdrawing this allegation. In addition, as shown on the enclosed Government Exhibit C, the assessment was not made within 90 days of the issuance of the notice of deficiency. The notice was issued

December 5, 1991, and the assessment was made on July 13, 1992. (Gov't Ex. C; Hartz Decl. ¶ 3; Defendant's Opposition ¶1 B.)  Therefore, defendant's allegation that the assessment was made within 90 days of the notice of deficiency should be rejected.

COUNT II.

A.  Defendant's Claim for Credits.

Defendant alleges that the assessment for the 1991 employment tax liabilities is not correct because it does not credit alleged corporate payments.  However, defendant has not produced any evidence to support this allegation.  The United States attached a certified transcript of defendant's account for this period.  (Gov't Ex. B.)  The transcript shows the payments received and credited.  Defendant's assertion on brief, unsupported by evidence, are insufficient to forestall summary judgment.  Trap Rock Industries, Inc. v. Local 825, 982 F.2d 884, 892 (3d Cir. 1992); Thornton v. United States, 493 F.2d 164, 167 (3d Cir. 1974).

B.  Defendant's Claim for Credits for his Wife's Alleged Payments.

Defendant alleges that the amount claimed by the United States does not reflect payments made by Liza Lagmay.  But defendant has not produced any evidence that Liza Lagmay has made payments he should be credited with.

## CONCLUSION

Because defendant has not sustained his burden to establish that the assessments at issue are incorrect, or shown that there are any material facts in dispute, judgment should be entered in favor of the United States and against defendant, Manuel Lagmay.

Date: March 12, 2007.

Respectfully submitted,

/s/ Jonathan D. Carroll
JONATHAN D. CARROLL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6669

OF COUNSEL:

ROD J. ROSENSTEIN
United States Attorney
District of Maryland
36 South Charles Street
Baltimore, Maryland 21201-2692
 (410) 209-4800